# WILLIAM HENRY *v.* ARTHUR M. BROWN.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED FEBRUARY 11, 1907.     DECIDED FEBRUARY 11, 1907.

FREAR, C.J., HARTWELL AND WILDER, JJ.

JURORS' OATH—*held sufficient.*

An oath requiring the jury to give a true verdict according to the law and the evidence in the case before the court, is sufficient without adding to truly try the issues.

NOTE, VARIANCE—*indorsement by revenue collector.*

A note bearing an indorsement by an internal revenue collector that the penalty and tax for post stamping was paid on a certain date is admissible in evidence though the indorsement was not set out with the note in the complaint.

REMITTITUR—*error in computation of interest.*

When the jury by direction of the court has rendered a verdict for the amount of the note sued on and interest at the stipulated rate from the date of the note but has made a mistake in computing the interest, the excess may be remitted and judgment entered for the balance.

## ORAL OPINION.

Plaintiff obtained a verdict and judgment in an action upon a promissory note dated October 31, 1900, for $1000 with interest at 10 per cent. and the defendant comes here on fourteen exceptions, only three of which are seriously relied on. One was taken to the form of the oath administered to the jury, which was as follows: "You and each of you do solemnly swear that in the case now pending before the court you will a true verdict give according to the law and the evidence, so help you God," the contention being, though it was not specifically stated in the lower court, that the jury should have been sworn to well and

truly try the issues and not merely a true verdict give. Another exception was taken to the admission of the note in evidence against the objection that it varied from the note set out in the complaint for the reason that the indorsement of the internal revenue collector that the penalty and tax for post stamping, namely, 20 cents in revenue stamps, was paid on December 15, 1906, was not alleged in the complaint. The third alleged exception, though no exception appears actually to have been taken, was to the entry of judgment for an amount $2.50 less than the amount found by the jury. The verdict of the jury, which was directed by the court, was for the plaintiff for "$1000.00 together with interest thereon from the 31st day of October, 1900, to date at the rate of 10 per cent. per annum, amounting to $621.66, Total sum of principal and interest being $1621.26." Before entry of judgment plaintiff filed a remittitur of $2.50, the jury having made a mistake of that amount in computing the interest. At the close of the argument an oral opinion was rendered as follows:

FREAR, C.J. Three exceptions are relied on. The one chiefly relied on is that to the form of the oath administered to the jury, the contention being that the jury should have been sworn to well and truly try the issues and not merely a true verdict give. The form administered was sufficient. It is difficult to see how the jury could give a true verdict in the case pending before the court according to the law and the evidence without truly trying the issues. The form administered has long been in use here and is substantially the same as that prescribed from time to time by the supreme court in former rules. See, for instance, Rule 26, appendix to volume 3 of the reports.

There was no variance between the note declared on and that introduced in evidence. The indorsement of the internal revenue collector was no part of the note.

It was proper to allow a remittitur of the excess of interest due to a mistake of the jury in computing it and to enter judgment for the balance, the verdict itself supplying the data for the correction. It showed that the intention of the jury was to

find a verdict for the principal and for interest at a definite rate from a definite date according to the tenor of the note.

The exceptions are overruled.

*J. A. Magoon* for the plaintiff.

*G. A. Davis* for the defendant.